PARKER *v.* KEENAN.

Opinion delivered March 31, 1930.

*Parker & Parker* and *W. P. Strait,* for appellant.
*Majors & Robinson,* for appellees.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in not giving her requested instruction No. 1, directing a verdict in her favor for the amount of rent due, taking into consideration the contract price and adding to that amount, if they found the market price of cotton was 15 cents or more on October 1, 1928, the amounts additional as stipulated in the written contract.

The court properly refused to allow the terms of the written contract, unambiguous in its provisions, abrogated, contradicted or varied by the parol evidence. The undisputed testimony shows that the lessees, Keenan and Cowger, were familiar with the leased premises and had been for sometime, one of them owning lands in the immediate vicinity and both of them traveling the public roads through the lands.

The husband of appellant, her agent who made the contract and prepared the written instrument, testified that there were no terms of the contract other than as included in it, and that no representations whatever

were made about the character of the lands rented or assurances given that they were above overflow, or high and well drained.

Keenan testified that he had only discussed the matter of renting the lands with Mr. Parker, appellant's husband and agent, and that Cowger talked it over with him and did not think they should have to pay 24 bales of cotton as rent, suggested that 21 or 22 would be a reasonable rental, and told him to take up the matter of the price again with Parker, but also to agree to lease the lands if he could not get them for a less price than the 24 bales of cotton.

Keenan owned and cultivated lands within one and one-half miles of the lands leased herein, and Cowger did not dispute having made the statement and agreement with Keenan to rent the lands at the price at which Keenan told him they could be had, 24 bales of cotton, if he could not procure a less price, without ever having seen or discussed the matter of the rental with the landlord or her agent. Keenan was unable to procure it for a less price and agreed to take the lands for 24 bales of cotton rent, and the written contract was prepared and executed by the parties accordingly.

There is nothing in the contract indicating that the landlord gave any assurances about the quality or kind of land as it is now claimed was done, and certainly it was a matter of such great importance as would not have been left out of the contract for rental of the place, if. it was agreed on. Keenan did not testify that any such warranty or guaranty of the condition or quality of the land was made before the agreement upon the terms of the contract, and it is shown from the undisputed testimony that there were no terms agreed on or representations made save those provided in the contract as executed.

The court erred in not directing a verdict in accordance with instruction No. 1, as requested, and the judgment will be modified accordingly, and a judgment

will be entered here for the amount the jury found was due appellant without any deduction therefrom of any amount of damages for alleged false warranty made as an inducement to the execution of the contract by appellees, and, as modified, will be affirmed. It is so ordered.